IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUIS MOLINA ACOSTA**
   Petitioner

v.

**UNITED STATES OF AMERICA**
   Respondent

**Civil No. 04-1366 (SEC)**
[Related to Criminal No. 02-467 (SEC)]

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Luis Molina-Acosta (hereafter "Molina"), proceeding *pro se*, filed a letter with the Court which was construed as a Petition to Vacate the Judgment of Conviction and to Dismiss the Indictment pursuant to 28 U.S.C. § 2255 (**Docket No. 1**). Molina asserts that he was denied effective assistance of trial counsel during pretrial stages and at the change of plea hearing. Petitioner requests that his conviction and judgment be vacated. The government responds that the petition fails to present a cognizable claim for relief and should be summarily dismissed (**Docket No. 8**). The Federal Public Defender, who was counsel for Molina during the criminal proceedings, also filed a response to Molina's petition (**Docket No. 13**).

This matter was referred to the undersigned for report and recommendation **(Docket No. 9)**. For the reasons set forth below, this Magistrate-Judge **RECOMMENDS** that the § 2255 petition at bar be **DENIED**.

### I.   Procedural and Factual Background

Deportation proceedings were instituted against Molina on August 16, 1990, as a result of a criminal conviction on April 12, 1990, in the Common Pleas Court of Lehigh County, Commonwealth of Pennsylvania, for controlled substance violations, pursuant to Title 35 of the

Civil No. 04-1366(SEC)                                                                                               Page No. 2

Pennsylvania Statutes, § 780-113(a)(30) (**Docket No. 13**, Ex. 4). On February 28, 1990, Molina had pled guilty to three counts relating to the illegal possession and distribution of a controlled substance (**Docket No. 13**, Ex. 3, p. 3). Molina also had previous convictions for offenses such as: reckless endangerment, carrying a firearm without a license, and passport fraud (**Docket No. 13**, Ex. 4).

The record reflects that Molina was represented by an attorney during the deportation proceedings. Through counsel, Molina conceded his deportability, but requested "212(c)[1] relief." Thereafter, the Immigration Court found evidence of Molina's deportability to be clear, convincing and unequivocal. *Id.* On December 2, 1991, an Immigration Judge entered an order of deportation for Molina to be deported to his home country, the Dominican Republic (**Docket No. 13**, Ex. 4). The order was entered while Molina was incarcerated and serving a two and one-half to five year imprisonment sentence in a Pennsylvania prison. *Id.*

Prior to the time the deportation order was entered, and specifically on August 21, 1990, Molina sought post-conviction relief from the controlled substance violations conviction (**Docket No. 13**, Ex. 3, p. 4). The post conviction petition was denied on January 6, 1992, after the deportation order had been entered. *Id.* at p. 8. Next, Molina filed an appeal to the Superior Court of Pennsylvania on January 31, 1992. Thereafter, on October 1, 1992, the Superior Court of Pennsylvania ordered that the Judgment of the Court of Common Pleas of Lehigh County be vacated and it remanded the matter for further proceedings. *Id.* at p. 11. The Superior Court

---

[1] At the time, under the Immigration and Nationality Act a defendant could apply for a waiver of excludability which allowed the Attorney General to grant a discretionary waiver of deportation. ___ U.S.C. § ___.

Civil No. 04-1366(SEC)                                                                                                                 Page No. 3

retained jurisdiction of the matter. *Id.* The Docket Sheet contains the same entry on April 12, 1993. *Id.* at p. 12.

Molina was deported from the United States on December 2, 1992, apparently after serving his sentence on the delivery of controlled substances charges. Criminal Case No. 02-467(SEC), Docket No. 17. On May 27, 1993, the Superior Court of Pennsylvania ordered and adjudged that the Judgment of the Court of Common Pleas of Lehigh County be affirmed. *Id.* at p. 13. The same entry was docketed on June 21, 1994. *Id.* No copies of the Pennsylvania State Court orders were provided to the Court for review.

The record reflects that in 1997 Molina was charged in the U.S. District Court for the District of Puerto Rico with hostage taking in violation of 18 U.S.C. § 1203(b) and (b). Criminal Case No. 97-190(SEC), Docket Nos. 30, 110, 263. He subsequently plead guilty to count one of the indictment. After serving his sentence, and while on supervised release, Molina fled to the Dominican Republic. An arrest warrant was issued and Molina was eventually arrested in the United States.

Following his arrest, Molina was indicted on December 11, 2002, and charged with reentry after deportation in violation of 8 U.S.C. § 1326(a)(1) and § 1326(b)(2). Criminal Case No. 02-467(SEC), Docket No. 10. Plea negotiations ensued and a Change of Plea hearing was set to be held for June 5, 2003. *Id.* at Docket No. 35. While the plea negotiations were ongoing and during a Status Conference held in the Judge's chambers, Molina's attorney reviewed a Presentence Investigation Report (hereafter "PSI") that had been prepared in Criminal Case No. 97-190(SEC).[2]

---

[2]The Docket entry incorrectly refers to the Criminal Case as No. 98-190 rather than 97-190. Criminal Case No. 02-467, Docket No. 21.

As noted, in Criminal Case No. 97-190(SEC), Molina had entered a guilty plea to one count of hostage taking in violation of 18 U.S.C. § 1203(b) and (b). Criminal Case No. 97-190(SEC), Docket Nos. 30, 110, 263.

The PSI contained a synopsis of Molina's criminal history. It includes a May 4, 1988, Pennsylvania state conviction for reckless endangerment and carrying a firearm without a license, a July 10, 1989, federal conviction for passport fraud and an April 12, 1990, Pennsylvania conviction for delivery of a controlled substance. The controlled substance conviction was entered in the Court of Common Pleas, Allentown, Pennsylvania, Docket No. 2151/1989. On the controlled substance conviction Molina was sentenced to a term of incarceration of at least two and one-half years to not more than five years. In its relevant part the PSI reads as follows:

> According to court records, on March 10, 1989, March 17, 1989, and July 18, 1989, the defendant sold quantities of cocaine to an undercover police officer (13.4 g, 27.52, and 55.8 g, respectively). He was arrested by Police following the completion of the third sale. At the time of his arrest, police confiscated an additional 7g of cocaine from the defendant. This case was a violation of the two previous cases, however, the defendant completed his sentence on those cases while serving the sentence for this conviction and the violation was dismissed.

PSI, Criminal Case No. 97-190(SEC).

On June 5, 2003, Molina entered a guilty plea, waived the PSI and was sentenced to a term of 18 months of imprisonment, two years of supervised release and a $100,000 fine. *Id.* at Docket Nos. 35, 36. During the change of plea and sentencing hearing, Molina explained that he had reentered the United States to receive medical treatment and also to sue a physician in Puerto Rico who had performed surgery on him engaging in medical malpractice.

The record reflects that at the time of the hearing the following colloquy occurred:

> **THE COURT:**            Do you understand what is happening here today?

Civil No. 04-1366(SEC)                                                                                     Page No. 5

**THE DEFENDANT:**     Yes, the reentry case.

**THE COURT:**     I have a petition that you want to plead guilty, is that your understanding?

**THE DEFENDANT:**     Yes, I am going to plead guilty because I am guilty, I came here because of my situation. . . .

**THE COURT:**     Are you fully satisfied with the counsel representation and advice given to you by your attorney Mr. Carlos Vázquez?

**THE DEFENDANT:**     Yes, up this moment, yes, I am. . . .

**THE COURT:**     There is a plea agreement in this case, would the government state for the record a summary of the plea agreement reached with this defendant? . . .

Thereafter, the government set forth the terms of the plea agreement.

**THE COURT:**     Very well, Mr. Molina and Mr. Vázquez, you have heard the government give a summary of the plea agreement, is that correct?

**THE DEFENDANT:**     Yes. . . .

**THE COURT:**     . . .Sir, do you understand the charges brought against you?

**THE DEFENDANT:**     I was told that is was a reentry.

**THE COURT:**     Exactly. You are being charged with a violation of title 18 [sic] U.S. Code Section 1326(a)(1) and (b)(2) reentry after deportation of an aggravated felon. Is this what you are pleading guilty to?

**THE DEFENDANT:**     Yes. . . .

The Court then explained that the maximum penalty provided by law for the offense charged was a term of imprisonment of not more than 20 years, a fine not to exceed $250,000, and a term of supervised release of at least three years. The Court also queried Molina on his understanding of the guidelines and that the sentence imposed could be different from any estimate his attorney may

Civil No. 04-1366(SEC) Page No. 6

have made.  Next, the Court asked the government to provide a brief explanation of its theory of the case to prove Molina guilty of the crime charged.

| | |
|---|---|
| **AUSA GONZALEZ:** | . . . If this case had gone to trial the United States would have proven beyond a reasonable doubt that Luis Molina Acosta, also known as Santiago Molina Acosta, also known as Molina, also known as Néstor Luis Torres was deported from the United States on December 2, 2002.  The defendant had been convicted of an aggravated felony, that is a controlled substance violation in the state of Pennsylvania.  On November 24, 2002 the defendant was found in the United States near Aguadilla, Puerto Rico.  Without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security, pursuant to title 6 U.S. code sections 202(3)(4) and 3557, to reapply for admission into the United States.  All this in violation of title 8 U.S. Code section 1326.  The government would have presented documentary evidence and testimonial evidence to support these facts. |
| **THE COURT:** | Mr. Molina, you have heard the government give their version of the facts which is what they would present to a jury, had the case gone to trial. |
| **THE DEFENDANT:** | Yes. |
| **THE COURT:** | Are you in agreement with your participation as outlined therein? |
| **THE DEFENDANT:** | Yes, I am, I did that. |

Criminal Case No. 02-467(SEC), Docket No. 44, pp. 5, 7, 9-10, 12-17.

Upon motion by Molina, the Court proceeded to immediately sentence him.  Molina also waived the preparation of a PSI and consented to be sentenced.  Mr. Vázquez, counsel for Molina, explained to the Court that based upon the base offense level and Molina's criminal history the guidelines provided for a range of imprisonment from 70 to 87 months.  *Id.* at p. 20.   Vázquez advised the Court that the parties had agreed that a downward departure was warranted

in light of Molina's extraordinary medical condition. The government agreed with a sentence recommendation providing for an imprisonment term of 18 months. *Id.* at p. 21.

The Court proceeded to sentence Molina, determining an adjusted offense level (AOL) of 21, a criminal history category (CHC) of V and a guideline imprisonment range of 70 to 87 months. *Id.* at p. 24. The Court granted a downward departure and did so based upon Molina's extraordinary physical impairments and health condition. *Id* at pp. 24-25. The Court accepted the recommendation of the parties for a sentence of 18 months imprisonment. Accordingly, Molina was sentenced to a term of 18 months of imprisonment,[3] a supervised release term of two years, and a special monetary assessment of $100.00 was imposed. *Id.* at p. 25. Judgment was entered, and Molina did not appeal the same. Criminal No. 02-467(SEC), Docket No. 36.

On April 26, 2004, Molina filed the instant petition pursuant to 28 U.S.C. § 2255 (**Docket No. 1**). Molina raises as his grounds for relief that the conviction that formed the predicate for the deportation and reentry charge was invalidated by the Pennsylvania state court prior to his initial deportation, and that trial counsel was ineffective for failing to raise this claim in the District Court.

## II.   Conclusions of Law

### A.   Legal Standard

Pursuant to 28 U.S.C. § 2255 there are four grounds upon which a federal prisoner may base a claim for relief. The petitioner may assert that: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose such sentence; 3) the sentence was in excess of the maximum authorized by law; and, 4) the sentence is

---

[3] Molina was also sentenced to a term of imprisonment of ten months on his supervised release revocation in Criminal No. 97-190, to be served consecutive to the term imposed in the reentry case. Criminal Case No. 97-190(SEC), Docket No. 347.

otherwise subject to collateral attack. A federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ." 28 U.S.C. §2255. However, such a petition may be summarily denied where it contains mere bald assertions without specific factual allegations. *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992). In addition, even a facially adequate petition may be denied without a hearing where the alleged facts are conclusively refuted by the files and records of the case. *Id.*; accord, *Lema v. United States*, 987 F.2d 48, 51-52 (1st Cir. 1993). The burden is on the petitioner to make out a case for section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).

Additionally, once sentence has been imposed, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255. *United States v. Noriega-Millán*, 110 F.3d 162, 166 (1st Cir. 1997). "A defendant does not enjoy an absolute right to withdraw a plea of guilty, once it has been entered." *United States v. Miranda-Santiago*, 96 F.3d 517, 522 (1st Cir. 1996) (*citing United States v. Isom*, 85 F.3d 831, 834 (1st Cir. 1996)). A defendant, who never sought to withdraw his plea before the district court and challenges it for the first time on collateral attack under a § 2255 motion, bears a high hurdle. The defendant must come forward with sufficient evidence to demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Finally, a prisoner who invokes § 2255 is not entitled to an evidentiary hearing as a matter of right. See *United States v. McGill,* 11 F.3d 223, 225 (1st Cir. 1993). "A hearing is not necessary where a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *See United States v. Carbone,* 880 F.2d 1500, 1502 (1st Cir. 1989) (internal quotations omitted). Inasmuch as the files and records

of this case establish that the allegations within the petition at bar are without merit, no hearing is required in connection with any issues raised by the Petition.

**B.      Grounds Raised**

Molina raises the following grounds for relief:

1. The conviction that formed the predicate for the deportation and reentry charge was invalidated by the Pennsylvania state court prior to his initial deportation making the reentry of a removed alien conviction invalid as a matter of law;

2. Trial counsel was ineffective for failing to raise the foregoing claim in the District Court; and,

3. He is actually innocent.

**1.  Reentry Charge**

Molina was charged with reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a)(1) and (b)(2). Molina argues that because the conviction that formed the predicate for the deportation and reentry charge was invalidated by the state court prior to his initial deportation, his conviction for reentry of a removed alien is invalid as a matter of law. In essence, Molina asserts a domino effect. Since the underlying deportation was invalid, that in turn invalidates the conviction for reentry after deportation of an aggravated felon.

Initially, it must be noted that this issue has never before been raised by Molina, either at trial or on direct appeal. Indeed, Molina did not appeal his conviction or sentence. Thus, the question is whether the claim has been procedurally defaulted.

Procedural default occurs when a defendant fails to raise a claim in a timely manner at trial or on appeal. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Berthoff v. United States,* 308 F.3d 124, 127-28 (1st Cir. 2002). To succeed on a procedurally defaulted claim, Molina must establish that "some objective factor external to the defense" impeded his ability to construct or raise

the issue at trial or on appeal. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). To overcome that procedural default, Molina must establish "cause" to excuse his procedural default and prejudice resulting from the alleged errors, or that the failure to consider his claims will result in a fundamental miscarriage of justice. *See Sustache-Rivera v. United States,* 221 F.3d 8, 17 (1st Cir. 2000); *Levasseur v. Pepe,* 70 F.3d 187, 192 (1st Cir. 1995) (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)). Examination of the record reveals that Molina has proffered nothing to establish cause nor has he asserted prejudice nor does he proffer any explanation as to why this claim was not previously raised. He does argue, however, that trial counsel was ineffective for failing to raise the issue. Inasmuch as Molina proceeds *pro se*, the undersigned finds this slight showing of cause sufficient to overcome his procedural default. Accordingly, the merits of this claim are addressed.

The government correctly argues that a prior conviction is not an element of the offense of unlawful reentry in to the United States after deportation, but is a circumstance to justify a sentence enhancement. The government further contends that the invalidity of a conviction that served as the basis for Molina's deportation is not a defense to a charge of reentry by a deported alien.

In the present case the indictment charged violations of 8 U.S.C. § 1326(a) and § 1326(b)(2). Section 1326(a) provides that

> (a) In general
> Subject to subsection (b) of this section, any alien who--
> **(1)** has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
> **(2)** enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

Section 1326(b) provides for the criminal penalties for reentry of certain removed aliens. The indictment specifically refers to (b)(2) which provides that:

> Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection– . . .
> **(2)** whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both

8 U.S.C. § 1326(b)(2).

First Circuit precedent holds that § 1326(b) does not establish a separate offense, but simply provides a sentence enhancement for those convicted under § 1326(a). *See United States v. Forbes*, 16 F.3d 1294, 1297-1300 (1st Cir. 1994). More so, the First Circuit has held that inasmuch as § 1326(b)(2) is not a separate element of an offense, the vacation of an underlying felony conviction cannot provide grounds for dismissal of an indictment brought pursuant to § 1326(a). *United States v. Smith*, 36 F.3d 128, 132 (1st Cir. 1994). *See also: Almendárez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219 (1998).

Based upon the law and the facts it is considered Molina cannot prevail under his theory. In the case at bar the Immigration Judge entered the order of deportation on December 2, 1991. On the date that the Order of Deportation was entered Molina stood convicted in the Pennsylvania Courts of distribution of controlled substances. The record reflects that at the time Molina had pled guilty to three counts of delivery of a controlled substance and was sentenced to a term of imprisonment of not less than 2 ½ years nor more than 5 years. The record further reflects that according to the PSI, the distribution of controlled substance case constituted a violation of the judgment entered in two previous cases and it was not until after Molina had completed his sentence

on those two cases and while serving the sentence for the controlled substance violation, that the judgment in said case was dismissed.

Of import is that it is a question of federal law, not state law, as to whether a vacated conviction remains a conviction for purposes of § 1326(b). *See United States v. Campbell*, 167 F.3d 94, 98 (2d Cir. 1999). As it pertains to an alien, the term "conviction" means, that the "alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt" and "the judge had ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed". 8 U.S.C. § 1101(48)(A)(i), (ii). It is evident from reading the foregoing statute that Molina's guilty plea and subsequent sentence for distribution of controlled substances met the definition of "conviction" pursuant to federal law. What this means is certainly contrary to Molina's assertion and despite the events that occurred subsequent to the entry of the deportation order, the conviction relied upon in the indictment (charging reentry of a removed alien), remains a conviction for purposes of 8 U.S.C. § 1326. The vacation of the previous state conviction in no way invalidates Molina's conviction for violation of 8 U.S.C. § 1326.

### 2. Assistance of Counsel

Molina's second argument is that his trial attorney was ineffective by failing to advise the District Court of the invalidation of the prior conviction and by failing to seek dismissal of the indictment pursuant to 8 U.S.C. § 1326(d). In this regard Molina argues that he was deported before he could seek judicial review of the deportation order and as a result he was thwarted of his right to seek a meaningful judicial review. He appears to advance this argument in an effort to show that the criminal charges against him would have been dismissed had his attorney filed a Motion to Dismiss pursuant to § 1326(d).

The U.S. Supreme Court has set forth a two-prong test to determine whether a defendant has been denied a Sixth Amendment right to counsel. A conviction may be set aside because of ineffective assistance of counsel if: (a) considering all the circumstances, counsel's performance fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *accord*, *Panzardi-Alvarez v. United States*, 879 F.2d 975, 982-83 (1st Cir.1989). This standard applies to challenges to guilty pleas, as well as attacks on convictions resulting from trials. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In a post-conviction proceeding, the burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence. *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993).

It is well established that an alien subject to illegal reentry prosecution under 8 U.S.C. § 1326 may challenge the underlying removal order under certain circumstances. *United States v. Mendoza-López,* 481 U.S. 828, 839, 107 S.Ct. 2148 (1987). Section §1326(d) provides that an alien may not challenge the validity of the deportation order unless he demonstrates that he 1) exhausted any administrative remedies that may have been available to seek relief against the order; 2) the deportation proceedings improperly deprived him of the opportunity for judicial review; and 3) the entry of the deportation order was fundamentally unfair. *See* 8 U.S.C. §§ 1326(d); *United States v. Fernández-Antonia,* 278 F.3d 150, 157 (2d Cir. 2002).

According to the procedural rules in effect on the date of the deportation order, a decision of an Immigration Judge could be appealed to the Board of Immigration Appeals within a certain time period. 8 C.F.R. § 3.36(a) (1991). In 1991 the time to perfect an appeal to the Board of Immigration Appeals was ten days after service of the decision, or 13 days "if mailed". *Id.* at §

3.36(b). The rules further provided that the decision of the Immigration Judge became final upon waiver of appeal or upon expiration of the time to appeal if no appeal was taken. 8 C.F.R. § 3.37(1991). Additionally, at the time of Molina's deportation, in 1992, it was statutorily provided that an "order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order. 8 U.S.C. §§ 1105a(c) (1992) (repealed 1996); *see Roldan v. Racette,* 984 F.2d 85, 90 (2d Cir. 1998) (holding that Immigration and Nationality Act § 106(c) "constitutes a clear jurisdictional bar" to review after deportation).

The record contains no evidence indicating that Molina exhausted the administrative remedies available. An entire year passed from the time the deportation order was entered in 1991 and until Molina was actually deported in 1992. Molina argues that he was deported before he could seek judicial review, yet there is nothing in the record to support his position. There is no evidence reflecting that Molina sought an appeal to the Board of Immigration Appeals within the allotted time or that Molina ever made an attempt at judicial review within the allotted time prior to the time he was deported. Notably, Molina fails to even address the issue of exhaustion of administrative procedures and fails to claim that he sought to appeal any immigration order. He merely makes the all encompassing argument that his deportation thwarted his efforts for a meaningful judicial review.[4]

It is evident after reviewing the facts and the law that Molina would not have prevailed had his attorney filed a motion to dismiss pursuant to 8 U.S.C. § 1326(d). This is particularly so in light

---

[4] The issue of waiver was not raised by either party. The undersigned notes that a defendant who waived his right to appeal at the time of the original deportation is precluded from collaterally challenging the order in a 8 U.S.C. § 1326 prosecution, providing such waiver was "considered and intelligent." *United States v. Garza-Sanchez,* 217 F.3d 806, 808 (9th Cir. 2000) (citing *United States v. Mendoza-Lopez,* 481 U.S. 828, 840 (1987)).

of Molina's failure to meet the requisites contained in § 1326(d). Case law abounds for the proposition that counsel cannot be deemed ineffective for failing to pursue futile arguments. *See Vieux v. Pepe*, 184 F.3d 59, 64 (1st Cir. 1999). Clearly, any motion filed pursuant to § 1326(d) was doomed to fail.

The Court further notes that Molina has nothing to complain about the representation he received. Far from it. The guidelines provided for a term of imprisonment of 70 to 87 months, yet Molina received a sentence of 18 months. This is so, because his attorney successfully advanced an argument for a downward departure based upon Molina's physical impairment and health condition. The Court sentenced Molina as if the prior aggravated felony conviction did not exist. This "in effect strips out the conviction that has been vacated." *United States v. Smith*, 36 F.3d 128, 132 (1st Cir. 1994). As so aptly put by the First Circuit Court of Appeals, even had Molina's trial attorney been ineffective for failing to file a motion to dismiss the aggravated felony allegation within the indictment, and he was not, that error would have been harmless because Molina was sentenced as if the aggravated felony had never occurred. *Id.*

### 3. Actual Innocence

Molina's last ground for relief is that because the state conviction was an element of the reentry charge, to the extent that it was the basis for deportation, he is actually innocent of the illegal reentry charges.

To establish actual innocence, an individual must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The actual innocence exception was created by the Court to prevent a "fundamental miscarriage of justice," and was created with the understanding that the "exception

would remain 'rare' and would only be applied in the 'extraordinary case.'" *Id*. at 321. Actual innocence requires a showing of "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Molina has not made a showing of actual innocence. To the contrary, at the change of plea hearing Molina stated, "I am going to plead guilty because I am guilty, I came here because of my situation." The record reflects that Molina was appropriately advised by the Court of the charges brought against him and Molina acknowledged that he understood the nature of such charges. Molina also agreed with the version of facts and evidence that the government would have set forth at trial. The record reflects that said version of fact clearly established a basis in fact for the offense charged. Quite simply, Molina's assertion of actual innocence does not withstand judicial scrutiny.

### III.    Conclusion

As noted above, the burden is on Molina to make a case for relief pursuant to § 2255. He has failed to do so. Based upon the foregoing analysis, this Magistrate-Judge **RECOMMENDS** that petitioner's motion under § 2255 (**Docket No. 1**) be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 11: Change of Plea 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10)** days of its receipt. Rule 11: Change of Plea 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that

Civil No. 04-1366(SEC)                                                                                                                     Page No. 17

review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 3rd day of May, 2005.

                                                       S/**AIDA M. DELGADO-COLON**
                                                       **U.S. Magistrate-Judge**